# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

JAYSON JOHNSON,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. C08-3026-PAZ

**MEMORANDUM OPINION AND ORDER**

_____

    This matter is before the court on judicial review of the defendant's final decision denying the plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") benefits under Title XVI of the Act. The plaintiff Jayson Johnson filed his application on October 17, 2005. The application was denied initially and on reconsideration. He had a hearing before an Administrative Law Judge ("ALJ") on September 19, 2007. On December 7, 2007, the ALJ denied Johnson's application for benefits, finding that if Johnson stopped abusing alcohol, he would be able to return to his past relevant work as a truck helper and production assembler. The Appeals Council denied Johnson's request for review on March 28, 2008, making the ALJ's decision the final decision of the Commissioner.

    Johnson filed a timely Complaint in this court, seeking judicial review of the ALJ's ruling. On May 15, 2008, with the parties' consent, Judge Mark W. Bennett transferred the case to the undersigned for final disposition and entry of judgment. The parties have briefed the issues, and the matter is now fully submitted and ready for review.

    The issue before the court is whether the ALJ applied the correct legal standards, and whether his factual findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007) (citations

omitted).  In this deferential review, the court considers the record in its entirety to determine whether a reasonable mind would find the evidence adequate to support the Commissioner's conclusion.  *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted); *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).  Here, Johnson argues the ALJ erred in finding he would not be disabled absent his alcohol abuse.  He argues that due to his mental health problems, he still would be unable to work even if he stopped abusing alcohol and other drugs.

Johnson was born in January 1978, making him twenty-six years old as of his alleged disability onset date of March 10, 2004.  He worked as a truck driver helper in 1998 and 1999, which "entailed loading and unloading a semi-van with axles and tires for mobile homes."  Pl's Brief at 3.  From 2001 to 2003, he worked as a production assembler at Electrolux Home Products.  For two months in early 2005, he worked as a mechanic's helper.  In addition, the record indicates Johnson worked frequently throughout 2006 and 2007, at a variety of odd jobs such as tree trimming, selling scrap metal, and construction.  However, the ALJ concluded none of Johnson's work after his alleged disability onset date constituted substantial gainful activity.  A.R. at 16 (citing 20 C.F.R. §§ 404.1520(b), 404.1571 *et seq.*, 416.920(b), 416.971 *et seq.*).

The ALJ found Johnson has a severe combination of impairments consisting of "substance induced psychotic disorder; bipolar disorder, not otherwise specified; status-post cerebellar infarct; and substance abuse."  *Id.*  He further found these impairments, including the substance abuse, meet the criteria of Listings 12.03, 12.04, and 12.09 of 20 C.F.R. part 404, subpart P, appendix 1.  *Id.* (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)).  These findings are not in dispute.  Johnson's disagreement is with the ALJ's finding that absent the substance abuse, his combination of impairments would not meet the Listing criteria, and Johnson would retain the residual functional capacity to work.

The record indicates Johnson has demonstrated an inability to manage his own medications and the routine activities of day-to-day life.  He has required daily medication monitoring by a social worker, and assistance completing forms to receive food stamps,

medical care, and other types of aid. Left on his own, he forgets where to go or loses forms that are provided to him. Social workers' detailed notes of daily contacts with Johnson, or their attempts to contact him when he has made himself unavailable, evidence that Johnson has a complete inability to manage the symptoms of his bipolar disorder successfully, even with assistance. He angers easily and has frequent, wide mood swings. He vacillates between wanting help and being compliant, and rejecting offers of assistance and treatment recommendations. However, these behaviors largely disappear during the brief periods when Johnson does not drink or use other drugs.

Johnson saw Roy K. Berryhill, M.D. for medication management. Dr. Berryhill's ongoing diagnosis was Bipolar Disorder "complicated by alcoholism." The difficulty in this case lies not in finding that Johnson has a disabling impairment, a conclusion easily drawn from the evidence. The problem lies in the fact that Johnson has been unable to remain free of substance abuse for any significant period of time. The record indicates Johnson repeatedly has denied drinking even when social workers could smell alcohol on his breath or observed other evidence that he had been drinking. He has displayed an ongoing denial that his drinking and use of marijuana and other drugs is a problem.

Dr. Berryhill opined that Johnson's mental health problems "would be treatable, particularly if he maintains sobriety." A.R. 437. The record contains no evidence to contradict Dr. Berryhill's opinion. A registered nurse from the agency assisting Johnson with his medications and other needs noted that Johnson's alcohol use has interfered with his treatment program at times. A.R. 772. Viewing the record as a whole, the court is unable to find that Johnson's substance abuse is immaterial to his disability; rather, the evidence suggests the opposite.

The court does not have the discretion to "reweigh the evidence presented to the ALJ," *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or to "review the factual record *de novo*." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, the standard of review is a deferential one, requiring only that a

"reasonable mind" would find the evidence of record adequate to support the Commissioner's decision. *Krogmeier*, 294 F.3d at 1022 (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). Here, the record supports the ALJ's conclusion that if Johnson ceased abusing substances, he would be able to work. Indeed, during the brief periods when he has been sober, and even at times when he was drinking regularly, Johnson not only worked – he worked hard, sometimes up to twelve hours a day. The court disagrees with Johnson's contention that "the vast majority of the records indicate that he is compliant with his medication and that he is abstinent from alcohol." Plaintiff's Reply Brief at 2. On the contrary, the evidence indicates Johnson was frequently, and repeatedly, noncompliant with his medication regimen, and he has never stopped abusing substances for any significant period of time. It is when Johnson's substance abuse is out of control that he becomes unable to function without assistance.

Johnson has failed to satisfy his burden of proof to show that his substance abuse is not a contributing factor material to his disability. *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). Accordingly, the Commissioner's decision is **affirmed**. Judgment will be entered in favor of the Commissioner and against Johnson.

**IT IS SO ORDERED.**

**DATED** this 24th day of February, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT